IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AARON H. REE                                                                                                       PLAINTIFF

vs.                                                       Civil No. 2:21-cv-02106

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                           DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Aaron H. Ree ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff originally filed his disability application on April 25, 2019, alleging disability beginning on December 15, 2018. (Tr. 15).[1] In his application, Plaintiff alleges being disabled due to necrotizing pancreatitis. (Tr. 177). His application was denied initially on August 29, 2019, and his application was denied again upon reconsideration on October 4, 2019. (Tr. 15, 66, 87).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 12-29). This hearing was held *via telephone conference* (location listed as "unknown" on the transcript) on July 9, 2020. (Tr. 37-65). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff, a witness for Plaintiff (his wife), and Vocational Expert ("VE") Debra Steele, Ph.D. testified at this hearing. *Id.*

On October 21, 2020, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 12-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 15, 2018, his alleged onset date. (Tr. 17, Finding 2). The ALJ determined, through his date last insured, Plaintiff had the following severe impairments: hypertension and pancreatitis. (Tr. 17-18, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

The ALJ determined Plaintiff was born on July 13, 1982, and was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), on his disability alleged onset date. (Tr. 24, Finding 7). The ALJ also determined Plaintiff had at least a high school education. (Tr. 24, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely valid. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW through his date last insured. (Tr. 23, Finding 10). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24, Finding 10). In making this determination, the ALJ relied upon the Medical-Vocational Guidelines or the "Grids." *Id.* In accordance with the Grids and Rule 202.21, the ALJ found Plaintiff was "not disabled," as defined by the Act, from December 15, 2018 through the date of his decision or through October 21, 2020. (Tr. 24, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). On March 25, 2021, the Appeals Council denied this request for review. *Id.* On May 27, 2021, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This matter is now ripe for consideration.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 12 at 1-21. In making this claim, Plaintiff raises five arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred at Step Two of the Analysis; (C) the ALJ erred at Step Three of the Analysis; (D) the ALJ erred in evaluating his subjective complaints; and (E) the ALJ erred in assessing his RFC. *Id.* The Court will consider each of these arguments.

A.  **Development of the Record**

Plaintiff claims the ALJ erred by failing to fully and fairly develop the record in this case. ECF No. 12 at 5-9. Plaintiff specifically claims the following:

> The ALJ failed to develop the record regarding Plaintiff's physical and mental limitations. In this case, the only opinion evidence of record is from non-treating, non-examining state agency medical consultants who opined Plaintiff was capable of performing a full range of light work, and that Plaintiff has no medically determinable mental impairments.

*Id.* at 6.

Upon review of Plaintiff's case and the transcript in this matter, however, the ALJ obtained records from several sources, treating and non-treating alike. This record development began as of his alleged onset date wherein Plaintiff "was admitted to the hospital on December 15, 2018 and treated for shock, and respiratory failure with pancreatitis and alcohol induced withdrawal." (Tr. 19). The record includes treatment records from throughout 2019 and 2020. (Tr. 18-23). The transcript in this case is also over 2,000 pages.

While Plaintiff is correct the ALJ had the duty to fully and fairly develop the record in this case, that duty is not without limits. *See, e.g., Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (recognizing the ALJ's duty develop the record in a social security disability case). Indeed, the record need only be a "reasonably complete record." *See Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, upon review of the transcript in matter, the Court finds this record is "reasonably complete." Furthermore, to be entitled to a remand for the ALJ's failure to develop the record, Plaintiff must demonstrate prejudice. Here, Plaintiff has not made this demonstration; thus, he is not entitled to a remand. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand.").

**B. Step Two of the Analysis**

Plaintiff claims the ALJ erred by "failing to perform a PRT and evaluation of mental impairments and failing to find Plaintiff's mood disorder and neuropathy were medically determinable impairments." ECF No. 12 at 9-13. In his decision, the ALJ only found Plaintiff suffered from the severe impairments of hypertension and pancreatitis. (Tr. 17-18, Finding 3). The ALJ did not find Plaintiff suffered from any other severe impairments.

To qualify as a "severe impairment," that impairment must more than minimally impact a claimant's ability to work:

> An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two.

*See Kirby v. Astrue,* 500 F. 3d 705, 707-08 (8th Cir. 2007) (internal citations and quotations marks omitted).

In the present action, the Court finds the ALJ properly found Plaintiff's mental impairments, including depression, were non-severe impairments. The ALJ recognized the following regarding

Plaintiff's depression and anxiety: "There is some evidence of counseling for depression and anxiety, however as of the date of the hearing the claimant was not receiving counseling and stated Paxil was effective for depression and found benefit from cognitive behavior therapy for anxiety." (Tr. 22).

As for his alleged neuropathy, the ALJ also fully considered this alleged impairment and found that alleged impairment was also effectively treated with medication: "He met with a podiatrist for bilateral foot pain, tingling and numbness, worse for extended periods [of] walking and standing and eased by gabapentin. The podiatrist noted suspicion of neurotic origin for his lower extremity symptoms. This suggests that medication and treatment has been reasonably effective in managing the claimant's symptoms." (Tr. 22). Based upon this review, the Court cannot find a basis for reversal on this issue and finds the ALJ's Step Two determination is supported by substantial evidence in the record.

### C. Step Three of the Analysis

Plaintiff claims the ALJ erred in his consideration of Listing 5.02 (gastrointestinal hemorrhaging from any cause, requiring blood transfusion) and Listing 5.05 (chronic liver disease). ECF No. 12 at 13-15. Plaintiff argues the following: "The ALJ's listing analysis is deficient given Plaintiff's extensive nearly three-month hospitalization for very complex medical issues requiring multiple blood transfusions, a feeding tube and extended dialysis that arguably met or equaled Listings 5.02 an/or 5.05, both of which reference transfusions." *Id.* at 14.

To satisfy the requirements of Listing 5.02, Plaintiff must make a demonstration of the following:

> **5.02 Gastrointestinal hemorrhaging from any cause, requiring blood transfusion** (with or without hospitalization) of at least 2 units of blood per transfusion, and occurring at last three times during a consecutive 6-month-period. The transfusions must be at least 30 days apart within the 6-month period. Consider

under a disability for 1 year following the last documented transfusion; thereafter, evaluate the residual impairment(s).

To demonstrate he meets these requirements, Plaintiff references his medical records from his hospitalization on January 20, 2019, wherein he was admitted for alcohol abuse and pancreatic necrosis. (Tr. 356). That medical record does reference his transfusions: "He required transfusions on 1/14/ and 1/15." *Id.* That record, however, provides no further detail regarding his transfusions, the amount of blood needed, or any other information regarding that transfusion. Furthermore, the other records Plaintiff referenced also do not provide the requisite data for determining whether his impairments meet the requirements of Listing 5.02. Accordingly, the Court finds Plaintiff has not met his burden of establishing he meets all of the requirements of Listing 5.02. *See, e.g., Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (recognizing "[t]he burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing").

In his briefing, Plaintiff references both Listings 5.05(A) and 5.05(B). ECF No. 12 at 14-15. To satisfy the requirements of Listing 5.05(A), Plaintiff must make a demonstration of the following:

> **5.05 Chronic liver disease,** with: A. Hemorrhaging from esophageal, gastric, or ectopic varices or from portal hypertensive gastropathy, demonstrated by endoscopy, x-ray, or other appropriate medically acceptable imaging, resulting in hemodynamic instability as defined in 5.00D5, and requiring hospitalization for transfusion of at least 2 units of blood. Consider under disability for 1 year following the last documented transfusion; thereafter, evaluate the residual impairment(s).

To satisfy the requirements of Listing 5.05(B), Plaintiff must make a demonstration of the following:

> **5.05 Chronic liver disease,** with: B. Ascites or hydrothorax not attributable to other causes, despite continuing treatment as prescribed, present on at least 2 evaluations at least 60 days apart within a consecutive 6-month period. Each evaluation must be documented by: 1. Paracentesis or thoracentesis; or 2. Appropriate medically acceptable imaging or physical examination and one of the following: a. Serum

albumin of 3.0 g/dL or less; or b. International Normalized Ratio (INR) of at least 1.5.

Upon review of Plaintiff's briefing and the record in this case, Plaintiff has not demonstrated his impairments meet either of these requirements. Accordingly, the Court also finds Plaintiff has not met his burden on this issue. *See, e.g., Johnson,* 390 F.3d at 1070.

### D. Subjective Complaints

Plaintiff claims the ALJ erred in evaluating his subjective complaints.[2] ECF No. 12 at 15-17. In assessing the subjective complaints of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

---

[2] As a part of his fourth argument, Plaintiff also claims the ALJ erred by failing to consider him for a closed period of disability. ECF No. 12 at 15-17. Plaintiff, however, provides no substantive briefing on this issue (apart from his bare claim); thus, the Court will not consider this issue further.

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific evaluation of a claimant's subjective complaints, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective complaints. (Tr. 21). For instance, the ALJ found the following in considering Plaintiff's daily activities and how they were inconsistent with his allegations:

> With regard to activities of daily living, the undersigned finds that the claimant has described activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. . . . His strength and stamina is not to his prehospitalization level but it is improving and he has progressively gotten to where he can care for his 2 year old child most days of the week, including meal preparation and diaper changes. He drives his other children to and from school each day. He does laundry, prepares simple meals, does dishes and mows the yard with a riding mower. He attends church on Sundays followed by lunch with the in-laws and can lift up to 25 pounds.

(Tr. 21). Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

### E. RFC Determination

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 12 at 17-21. Plaintiff claims the ALJ's cumulative error in failing to develop the record and consider his impairments at Step Two of the Analysis led to an improper RFC assessment. *Id.* However, consistent with the foregoing, the Court finds the ALJ properly developed the record and properly supported his decision at Step Two. Furthermore, based upon the Court's review of the transcript in this matter and the briefing of the Parties, the Court likewise finds the ALJ's RFC determination is supported by substantial evidence, and the Court finds no basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 21st day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE